UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

LISA MIRAGLIA                                                      Index No.

                   Plaintiff,

                                             **COMPLAINT**

  -against-

PREMIER CARE DENTAL MANAGEMENT, LLC
d/b/a DENTAL 365, TIFFANY GRANDI,
ALEXANDREA KIZENBERGER, and
TARA SWEENEY

                                               Jury Trial Demanded
                             Defendants.

-----------------------------------------------------------------

Plaintiff, Lisa Miraglia ("Plaintiff"), by her attorney, THE LAW OFFICE OF JON A. STOCKMAN, as and for her Complaint, respectfully alleges the following:

## NATURE OF THE CASE

1.      Plaintiff brings this action against Defendant Premier Care Dental Management, LLC d/b/a Dental 365 ("Dental 365" or "the Corporate Defendant"), Tiffany Grandi, Alexandrea Kizenberger, and Tara Sweeney (collectively "Defendants") pursuant to the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL").

## THE PARTIES

2.      Plaintiff currently resides in the state of New York, County of Suffolk.

3.      During her employment with Defendants, Plaintiff was an "employee" of the Defendants within the meaning of the ADEA and the NYSHRL.

## *DEFENDANTS*

4.      Upon information and belief, Defendant Dental 365 is and was a domestic limited liability company incorporated in the State of New York with its principal offices located at 3333 New Hyde Park Rd Suite 304, New Hyde Park, NY 11042.

1

5. Defendant Dental 365 was Plaintiff's "employer" within the meaning of the ADEA the NYSHRL.

6. At all relevant times, Defendant Dental 365 has employed more than twenty employees.

7. At all relevant times, Defendant Dental 365 engaged in interstate commerce.

8. Upon information and belief, Defendant Tiffany Grandi is a resident of the State of New York.

9. During Plaintiff's tenure with the Corporate Defendant, Defendant Tiffany Grandi was the Office Manager of the Corporate Defendant's Medford Office (the office out of which Plaintiff worked).

10. Defendant Tiffany Grandi actually participated in the discriminatory conduct complained of herein. Accordingly, Defendant Tiffany Grandi can be held liable as an aider and abettor under the NYSHRL.

11. Upon information and belief, Defendant Alexandrea Kizenberger is a resident of the State of New York.

12. During Plaintiff's tenure with the Corporate Defendant, Defendant Alexandrea Kizenberger was the Corporate Defendant's Regional Manager overseeing the region in which Plaintiff worked for the Corporate Defendant.

13. Upon information and belief, as Regional Manager, Defendant Alexandrea Kizenberger possessed the authority to hire and fire employees.

14. Defendant Alexandrea Kizenberger participated in the decision to terminate Plaintiff's employment.

15.   Upon information and belief, Defendant Tara Sweeney is a resident of the State of New York.

16.   Around the time of Plaintiff's termination, Defendant Tara Sweeney was Vice President of Human Resources for the Corporate Defendant.

17.   During Plaintiff's tenure with the Corporate Defendant, Defendant Tara Sweeney participated in the decision to terminate Plaintiff's employment.

18.   According to Defendant Tara Sweeney, her role as Vice President of Human Resources for the Corporate Defendant involved overseeing performance management and employee relations.

## VENUE

19.   This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the events giving rise to the claim occurred within this judicial district.

20.   This Court possesses jurisdiction over this action because it involves a federal claim (ADEA claim).

21.   Pursuant to 28 U.S.C. § 1367(a), this Court possesses supplemental jurisdiction over the state claims in this action because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

## PROCEDURAL HISTORY

22.   On April 29, 2025 (less than 300 days after her termination), Plaintiff filed an EEOC Charge against the Corporate Defendant alleging *inter alia* that the Corporate Defendant terminated her because of her age (EEOC Charge No. 520-2025-05108).

3

23.     On November 18, 2025, the EEOC issued Plaintiff a Notice of Right to Sue Letter with respect to EEOC Charge No. 520-2025-05108.  **See Exhibit A**.

**THE FACTS**

24.     Plaintiff is 61 years old.

25.     Plaintiff worked for Dental 365 as a Dental Hygienist.

26.     Plaintiff began working for Dr. Kahn and Hludzinski (the prior practice) as a Dental Hygienist in or around 2001.

27.     Plaintiff worked for the prior practice in a dental office located in Medford, NY ("the Medford Office").

28.     Upon information and belief, in or around 2017 or 2018, the Corporate Defendant acquired the prior practice.

29.     After this acquisition, Plaintiff, now under the employ of the Corporate Defendant, continued working at the Medford Office.

30.     Unfortunately, after more than two (2) decades of service (including her tenure with her prior practice), the Corporate Defendant terminated her employment on or about October 31, 2024 without legitimate non-pretextual reason and (upon information and belief) replaced her with or transferred her duties (as a dental hygienist) to one or more significantly younger individuals.

31.     At the time of her termination, Plaintiff was 60 years old.

32.     Plaintiff's understanding is that her duties as a Dental Hygienist at the Medford Office were transferred to Melanie Ruiz (believed to be in her 30s) and Tara O'Brien (believed to be in her 40s), two other Dental Hygienists at the Medford.

33.     Notably, Ms. O'Brien was hired to work at the Medford Office in August, 2024, around 2 to 3 months before Defendants terminated Plaintiff.  Based on this timing, a reasonable

4

factfinder could conclude that Defendants hired Ms. O'Brien with the intension of replacing Plaintiff.

34.    To the best of Plaintiff's knowledge, neither Ms. Ruiz nor Ms. O'Brien suffered from any mental health conditions known to the Corporate Defendant.

35.    To the best of Plaintiff's knowledge, neither Ms. Ruiz nor Ms. O'Brien communicated to the Corporate Defendant that they suffered from any mental health condition caused by work.

36.    Notably, in the Corporate Defendant's Position Statement responding to Plaintiff's EEOC Charge, the Corporate Defendant did not dispute Plaintiff's allegation that her duties were transferred to Melanie Ruiz and Tara O'Brien.

37.    Around the time of her termination and for years prior thereto, Plaintiff reported to Tiffany Grandi, Office Manager of the Medford Office.

38.    Ms. Grandi is believed to be in her early 40s.

39.    Ms. Ruiz and Ms. O'Brien also reported to Ms. Grandi.

40.    As further evidence of age discrimination, Plaintiff recalls on at least one occasion Ms. Grandi indicated to her, in sum and substance, that Plaintiff was having a "senior moment."

41.    In addition to the above, a reasonable factfinder should conclude that Defendants terminated her employment because of her work-related mental health condition.

42.    In March, 2024, Plaintiff made clear to Defendant Alexandrea Kizenberger that Ms. Grandi was abusive and that such abuse significantly impacted Plaintiff's mental health.  As an example, on March 8, 2024, Plaintiff texted Ms. Kizenberger "I slept 3 hours and woke up with a migraine today. Im getting PTSD from Tiffany."

5

43.    Then, on July 13, 2024, Plaintiff went to Urgent Care due to the work-related stress and anxiety she suffered as a result of Ms. Grandi's toxic behavior as well as toxic behavior from a co-worker named Melissa.  Plaintiff texted Ms. Kizenberger that day "I'm sitting urgent care Trying to medicate for this Stress and Anxiety Tiffany and Melissa are creating…I'm using my Cigna for this visit but its work related stress and anxiety and causing me to shake…"

44.    The Corporate Defendant alleges that the final straw that sealed Plaintiff's fate was Melanie Ruiz's complaint that she observed Plaintiff "insinuating that Ms. O'Brien took '20 bottles of Listerine' and moved furniture from 'her room'… while attending to a patient."

45.    Meanwhile, whereas the Corporate Defendant terminated Plaintiff for allegedly bad mouthing a co-worker in front of a patient, the Corporate Defendant did not terminate Melanie Ruiz (believed to be in her 30s) after she badmouthed Plaintiff to a patient.

46.    Specifically, Ms. Ruiz falsely communicated to a patient (whose first name starts with the letter K and will hereinafter be referred as K) in sum and substance that his gum inflammation was due to Plaintiff's failure to do a thorough cleaning rather than his poor hygiene. Plaintiff complained to Tiffany Grandi and Dr. Kalaie about Ms. Ruiz's comments to K.  The allegations Ms. Ruiz made to K essentially amounted to allegations that Plaintiff committed malpractice.  These allegations are substantially more inappropriate than the comments Plaintiff is alleged to have made.  Yet, Ms. Ruiz remained employed by the Corporate Defendant.

47.    In their Position Statement, the Corporate Defendant feigned outrage that Plaintiff addressed an issue with Ms. O'Brien in front of a patient.  Yet, there were many times where Ms. Grandi engaged in unprofessional and abusive conduct directed at Plaintiff in front of co-workers and/or patients.

6

48.    For example, Plaintiff recalls Ms. Grandi cursing out Plaintiff in front of a co-worker named Pat for no valid reason.

49.    To the best of Plaintiff's recollection, Ms. Grandi called Plaintiff "fucking crazy" and said something along the lines of "You don't know what the fuck you're talking about" in front of Pat (all in relation to a minor scheduling issue).

50.    As another example of Ms. Grandi addressing work issues with Plaintiff in a non-private manner, on a day in or around June, 2024, Ms. Grandi loudly yelled at Plaintiff in front of patients for parking in a parking spot Ms. Grandi alleged Plaintiff was not allowed to park in. Moreover, after Plaintiff brought to Ms. Grandi's attention that Melissa (a dental assistant) also parked in the spot, Ms. Grandi communicated to Melissa that Plaintiff threw her under the bus.

51.    Additionally, on another occasion, Ms. Grandi communicated to Plaintiff loudly and in a stern tone that they needed to talk about Plaintiff's schedule falling apart.  Ms. Grandi communicated this in the presence of a packed waiting room.

52.    Moreover, on another occasion, Ms. Grandi yelled at Plaintiff that she had been late 17 times.  Ms. Grandi yelled this in the presence of at least one co-worker (Ana) and within range of at least one patient.

53.    Plaintiff did not witness Ms. Grandi treat her significantly younger co-workers in the same abusive manner as Ms. Grandi treated Plaintiff.  For example, Plaintiff did not witness Ms. Grandi call any significantly younger co-worker (such as Melanie, Melissa, or Tara) "fucking crazy" or make a similar disparaging comment to any such significantly younger co-worker.

54.    Ms. Grandi addressed Plaintiff in a loud and nasty tone very frequently (and at times on virtually a daily basis).  Plaintiff did not witness Ms. Grandi address her significantly younger co-workers in such a manner.

## FIRST  CLAIM FOR RELIEF
*(Violation of the ADEA by the Corporate Defendant-Discrimination)*

55.     Plaintiff repeats and realleges each and every allegation contained herein.

56.     The Corporate Defendant violated the ADEA by terminating Plaintiff because of her age.

57.     As a proximate result of the Corporate Defendant's discriminatory actions, Plaintiff has suffered loss of employment income and benefits and has suffered emotional distress.

58.     Because the Corporate Defendant's violation of the ADEA was willful, Plaintiff is entitled to ADEA liquidated damages in an amount equal to Plaintiff's backpay and frontpay.

## SECOND CLAIM FOR RELIEF
*(Violation of the NYSHRL by Defendants-Age Discrimination)*

59.     Plaintiff repeats and realleges each and every allegation contained herein.

60.     Defendants violated the NYSHRL by terminating Plaintiff because of her age.

61.     Defendants violated the NYSHRL because Plaintiff's age played a role in their decision to terminate her employment.

62.     As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered loss of employment income and benefits and has suffered emotional distress.

63.     Due to the severity of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial.  By terminating Plaintiff's employment because of her age, Defendants knowingly violated the NYSHRL and/or acted in reckless disregard of Plaintiff's rights under the NYSHRL.

## THIRD CLAIM FOR RELIEF
*(Violation of the NYSHRL by the Corporate Defendant and Defendant Tiffany Grandi-Ageist Hostile Work Environment)*

64.     Plaintiff repeats and realleges each and every allegation contained herein.

8

65.     The Corporate Defendant and Defendant Tiffany Grandi violated the NYSHRL by treating Plaintiff less well than her younger co-workers because of her age.

66.     The Corporate Defendant and Defendant Tiffany Grandi violated the NYSHRL by engaging in the harassing conduct referenced above because of Plaintiff's age.

67.     As a proximate result of Defendants' harassing actions, Plaintiff has suffered emotional distress, mental anguish, humiliation, and loss of self-esteem and self-confidence.

68.     Plaintiff is entitled to an award for damages for her past and future economic loss and an award for compensatory damages in an amount to be determined at trial, plus attorneys' fees, costs, and pre and post judgment interest.

69.     Due to the severity of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial.  By treating Plaintiff less well because of her age, Defendants knowingly violated the NYSHRL and/or acted in reckless disregard of Plaintiff's rights under the NYSHRL.  Upon information and belief, Defendants knew that it was illegal to terminate Plaintiff and treat her less well because of her age.

### FOURTH CLAIM FOR RELIEF
*(Violation of the NYSHRL by Defendants-Disability Discrimination)*

70.     Plaintiff repeats and realleges each and every allegation contained herein.

71.     Defendants violated the NYSHRL by terminating Plaintiff because of her disability, perceived disability, and/or record of being disabled.

72.     Defendants violated the NYSHRL because Plaintiff's disability, perceived disability, and/or record of being disabled. played a role in its decision to terminate her employment.

73.     As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered loss of employment income and benefits and has suffered emotional distress.

74.     Due to the severity of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial.  By terminating Plaintiff's employment because of her disability, perceived disability, and/or record of being disabled, Defendants knowingly violated the NYSHRL and/or acted in reckless disregard of Plaintiff's rights under the NYSHRL.

## JURY TRIAL DEMAND

75.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

WHEREFORE, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment as follows:

    i.     awarding Plaintiff backpay and frontpay;

    ii.     awarding Plaintiff ADEA liquidated damages;

    iii.     awarding Plaintiff emotional distress damages;

    iv.     awarding Plaintiff punitive damages;

    v.     awarding Plaintiff's costs of this suit;

    vi.     awarding reasonable attorneys' fees;

    vii.     awarding pre- and post-judgment interest; and

viii.    awarding such other and further relief as the court deems just and proper.

Dated:  New York, New York
        January 17, 2026

                                        *Respectfully submitted,*
                                        **THE LAW OFFICE OF**
                                        **JON A. STOCKMAN**

                            By:    /s/ Jon A. Stockman,Esq.
                                   Jon A. Stockman, Esq.
                                   11 Broadway, Suite 615
                                   New York, New York 10004
                                   (516) 547-6418 telephone
                                   jstockman@yournycattorney.com
                                   Attorney for Plaintiff, Lisa Miraglia